

BY _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2010 MAR 19 PM 4: 03
FILED

1 **ACKERMANN & TILAJEF, P.C.**
2 Craig J. Ackermann, CA Bar No. 229832
3 Devin C. Coyle, CA Bar No. 267194
  1180 South Beverly Drive, Suite 610
4 Los Angeles, CA 90035
5 Telephone: (310) 277-0614
  Facsimile: (310) 277-0635
6 cja@laborgators.com

7 **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
8 Melissa M. Harnett, CA Bar No. 222366
9 Jesse B. Levin, CA Bar No. 268047
  5567 Reseda Boulevard, Suite 330
10 Post Office Box 7033
11 Tarzana, CA 91357-7033
   Telephone: (818) 705-6800
12 Facsimile: (818) 996-8266
13 mharnett@wccelaw.com
14 Attorneys for Plaintiff and the putative class

15 UNITED STATES DISTRICT COURT

16 CENTRAL DISTRICT OF CALIFORNIA

17 WESTERN DIVISION

18 ROBERT COHEN, individually and     Case No. 10-2027 CAS (ANx)
19 on behalf of all others similarly
   situated,                          **PLAINTIFF'S ORIGINAL**
20                                     **COLLECTIVE/CLASS ACTION**
21                                     **COMPLAINT FOR (1) UNPAID**
                Plaintiff,            **OVERTIME PAY (FLSA); (2)**
22                                     **UNPAID OVERTIME PAY**
23 v.                                  **UNDER STATE LAW; (3)**
                                       **INACCURATE PAYSTUBS; (4)**
24 UNITED HEALTHCARE                   **MISSED MEAL/REST PERIOD**
25 SERVICES, INC.,                     **PREMIUM PAY; (5) WAITING**
                                       **TIME PENALTY PAY; (6)**
26                                     **UNFAIR BUSINESS**
27                                     **PRACTICES; & DEMAND FOR**
                Defendant.            **JURY TRIAL**
28

Plaintiff Robert Cohen ("Plaintiff"), individually and on behalf of all those similarly situated, by and through his counsel, brings this Collective/Class Action Complaint ("Complaint") against Defendant United HealthCare Services, Inc., ("Defendant UHCS"), on personal knowledge with respect to himself and his own acts, and on information and belief as to other matters, alleges as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 28 U.S.C. §1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendant UHCS. In the alternative, this Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, because the amount in controversy exceeds $5 million and at least one member of the putative class is a citizen of a state different from the Defendant.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and (c), because Defendant UHCS transacts business in Los Angeles County and its registered agent is located in Los Angeles County within this District and this Division.

## III. INTRODUCTION

3. Plaintiff brings claims individually and as part of a collective action, under the FLSA, 29 U.S.C. §216(b), on behalf of all hourly, non-exempt employees of UHCS employed in the positions of Lead Generator ("LG"), Licensed Sales Representative ("LSR") and Licensed Sales Professionals ("LSP") anywhere in the United States at any time from March 19, 2007 through the present (the "Nationwide Class"). The individual and collective action claims are

1  for failure to pay overtime wages for all overtime hours worked, and attorneys'
2  fees and costs under FLSA §§207 and 216(b), based on Defendant UHCS's
3  systematic failure to pay for its LSRs, LGs and LSPs daily "off-the-clock" working
4  time consisting of up to 40 minutes each day, during which (a) at the start of each
5  shift, the LGs, LSRs and LSPs boot up their computer stations, including 15
6  software programs that need to be running before LGs, LSRs and LSPs can begin
7  fielding calls from potential customers; and (b) at the scheduled end of each shift,
8  the LGs, LSRs and LSPs are logged out of UHCS's time-keeping software before
9  completing all work-related tasks, including logging out of all 15 software
10  programs and completely shutting down their computer stations.

11       4.     Plaintiff also brings claims individually and as a true class action, on
12  behalf of all hourly, non-exempt employees of UHCS in California employed in
13  the positions of LG, LSR and/or LSP at any time from March 19, 2006 through the
14  present (the "California Class").  The individual and class action claims of the
15  California Class are for failure to pay overtime compensation (the "off-the-clock"
16  claims), as well as for inaccurate wage statements, failure to pay premium pay for
17  missed or late meal and rest periods, waiting time penalties, interest, and attorneys'
18  fees and costs under Labor Code sections 203, 221, 224, 226, 226.7, 510, 512,
19  1194, 218.5 and California Code of Civil Procedure 1021.5.  The individual and
20  class claimants also request, under California Business & Professions Code
21  §§17200-17208, injunctive relief and restitution arising from Defendant UHCS's
22  failure to pay overtime wage for all overtime hours worked, as well as for failure to
23  pay for missed meal and rest break premium pay, and for UHCS's failure to pay all
24  wages due to departing employees on their separation of employment, as required
25  by California Labor Code sections 201 through 203.

26       5.     Plaintiff was employed by Defendant UHCS and was told as part of
27  the recruitment process that he would earn $16.50 per hour, plus commissions,
28  such that his annual compensation would be $60,000 to $70,000.  In fact, Plaintiff,

1   like the members of the Nationwide Class, was not paid at all for his "ramp-up" or
2   "boot-up" time, and for his working time after logging off of Defendant UHCS's
3   time-keeping system but before completely logging out at the end of the day.
4   Defendant UHCS's actions were willful and in violation of the FLSA and the
5   California Labor Code.

6       6.      Moreover, Defendant UHCS failed to pay missed meal and rest break
7   premium pay to Plaintiff and the California Class whenever they were unable to
8   take timely meal and rest breaks due to on-going sales calls.  As a result of its
9   failure to pay for pre- and post-liminary activities, as well as missed meal and rest
10  break premium pay, Defendant UHCS also issued inaccurate wage statements to
11  Plaintiff and the California Class.  Finally, Defendant UHCS's policy of paying
12  separation pay to departing employees, including Plaintiff and all former
13  employees within the California Class, only at the next regularly-scheduled
14  payday, rather than immediately or within 72 hours of the separation date, violates
15  Sections 201 through 203 of the California Labor Code.

16              **IV. THE PARTIES**

17      7.      Plaintiff Robert Cohen, who resides in Orange County, California, is a
18  former employee of Defendant UHCS who worked as a LG and LSR from around
19  August 2009 through December 3, 2009 at Defendant UHCS's call center facility
20  in Santa Ana, California.

21      8.      Upon information and belief, Defendant United HealthCare Services,
22  Inc., is a Minnesota corporation doing business in, among other places, California,
23  with its principal place of business in Minnetonka, Minnesota.  Defendant UHCS
24  employs LGs, LSRs and LSPs at seven call centers located throughout the United
25  States.

26      9.      At all times from March 19, 2006 through the present (the "California
27  Class Period"), including from March 19, 2007 through the present (the
28  "Nationwide Class Period"), Defendant UHCS has been an "enterprise engaged in

1  commerce" for purposes of the FLSA with annual revenues in the billions of
2  dollars.  Defendant UHCS's parent corporation, United Health Group ("UHG"), is
3  a Fortune 25 company with  over $70 billion in reported revenues in 2009.  The
4  Ovations Business Unit within United Health Group, in which Plaintiff, the
5  California Class and the Nationwide Class were all employed, generated $7.9
6  billion in revenues in 2009.

7        10.     Significantly, throughout the California Class Period, including the
8  Nationwide Class Period, Defendant UHCS employed numerous employees,
9  including Plaintiff, who were engaged in activities constituting "interstate
10  commerce" under the FLSA, including, *inter alia*, answering incoming telephone
11  inquiries from potential customers scattered across the United States and enrolling
12  out-of state customers in health insurance plans by phone.

## V. <u>FACTUAL ALLEGATIONS</u>

14  **A.     <u>Facts Relevant to Plaintiff's and the Nationwide Class' Overtime Claim</u>**

15        11.     In its Ovations Business Unit ("Ovations"), Defendant UHCS
16  employs approximately 3,600 employees nationwide, the majority of whom are
17  employed as LGs, LSRs and LSPs (the "Telesales employees"), at seven different
18  call centers, two of which are located in California.  Defendant UHC employs
19  several hundred Telesales employees at any one time at its call centers located in
20  California.  In addition to its California call centers, Defendant UHCS's Ovations
21  Business Unit operates call centers in, among other places, Green Bay, Wisconsin,
22  and Minneapolis, Minnesota.

23        12.     For several months during the California Class Period, including the
24  Nationwide Class Period, Plaintiff worked as a LG and LSR at Defendant's call
25  center located in Santa Ana, California.

26        13.     As a LG and LSR, Plaintiff's job duties included, *inter alia*,
27  answering telephone calls from potential customers, and attempting to enroll them
28  in one or more of the various insurance products offered by Defendant UHCS

1   and/or arranging for meetings between the potential customers and outside sales

2   people known as field agents.

3       14.    As an entity with billions of dollars in annual sales employing

4   numerous employees engaged on an annual basis in the selling of health insurance

5   policies to individuals across the United States, Defendant UHSC at all times

6   relevant hereto was and is an enterprise subject to the jurisdiction of the FLSA.

7       15.    During the California Class Period, including the Nationwide Class

8   Period, Plaintiff's job duties were similar, if not identical to, the job duties of other

9   current and former hourly, non-exempt Telesales employees employed by

10  Defendant in California and at the other seven call centers in the United States,

11  including LGs, LSRs and LSPs.  In fact, the job duties of the LSPs were and are

12  substantially similar, if not identical, to the job duties of LGs and LSRs.

13      16.    As part of their job duties, Defendant UHCS's Telesales employees

14  needed to be "up and running" no later than five minutes after the scheduled start

15  of each shift, which meant that if their shift started at 8:00 a.m. they needed to be

16  ready to receive customer calls at 8:05 a.m.

17      17.    In order to be "up and running" by the required start time, however,

18  Defendant UHCS's Telesales employees needed to boot up their computers and log

19  into the following 15 separate software programs, each on a different screen: (1)

20  Windows NT, (2) HR Direct, (3) IEX Agent Web Station, (4) Voice Mail, (5)

21  bConnected, (6) Cosmos, (7) Cosmos IBM, (8) Marx, (9) GPS and RxConnections,

22  (10) ILSA, (11) United Health Advisors, (12) UNIX.MYSME ID, (13) Rx Claims,

23  (14) OCMS and (15) EDSS.  These programs each required a few minutes to open

24  up. In order to log in, Telesales employees also needed to enter a unique password

25  for each program.  (The tasks associated with the "log in" process will be referred

26  to hereinafter as the "preliminary work activities"). Given the number of programs

27  and the amount of time it took to open each one, it was not possible to complete

28  the preliminary work activities in the five minutes between the scheduled start time

1   and the time at which Plaintiff and Defendant UHCS's other Telesales employees

2   were required to be "up and running" and ready to receive calls.  Nor, for that

3   matter, was it possible to complete these activities in a *de minimis* amount of time.

4       18.    In other words, Plaintiff and Defendant UHCS's other Telesales

5   employees were required to be logged into their computers no later than five

6   minutes after their scheduled start time, but the log in process took anywhere from

7   10 to 30 minutes to complete.  Therefore, Plaintiff and Defendant UHCS's other

8   Telesales employees on a nationwide basis needed to arrive to work significantly

9   before their scheduled start times in order to complete the lengthy "log in" process

10   while still complying with the start-time requirements.

11       19.    In fact, in order to be "up and running" by the required start times,

12   Defendant UHCS's Telesales employees across the nation routinely arrived at

13   work between 10 to 30 minutes early and began their "log in" process significantly

14   prior to their scheduled start time.

15       20.    From at least March 2006 through the present, Defendant UHCS was

16   aware that its Telesales employees were engaged in the preliminary work activities

17   consisting of booting up their computer systems and numerous required programs

18   and windows on an "off-the-clock" basis.  Moreover, Defendant UHCS acquiesced

19   in and/or supported the practice of its Telesales employees failing to include the

20   working time associated with the preliminary work activities on the company's

21   electronic time-keeping software.

22       21.    For example, on October 12, 2009, when Plaintiff sent an email

23   asking his supervisor whether his timesheet for payroll purposes should reflect his

24   actual arrival time at the office at which time he began work, or, alternatively, the

25   time after his computer system indicated, "Ready", following the boot-up process,

26   his supervisor instructed him to note the time his computer was "Ready", rather

27   than the time he started working, thereby improperly excluding the time associated

28   with the preliminary work activities from payable time.  A true and correct copy of

1   the October 12, 2009 email exchange between Plaintiff and his supervisor is
2   annexed hereto as Exhibit A and incorporated herein by reference.

3       22.    Significantly, Defendant UHCS did not compensate its LGs, LSRs
4   and LSPs nationwide, including Plaintiff, in any way for their "off-the-clock" time
5   spent on the preliminary work activities prior to the start of each shift, including
6   their time spent booting up their computers and loading the 15 or so programs that
7   needed to be running in order for the Telesales force to be "ready" to field calls.
8   The preliminary work activities took up to 30 minutes to complete.

9       23.    Likewise, Plaintiff and Defendant UHCS's LGs, LSRs and LSPs
10  nationwide were all required to clock out before logging out of Defendant UHCS's
11  computer system at the end of his and their shifts, and could not go home until
12  their computers were completely shut down. (The tasks associated with shutting
13  down the computer system after logging off from the time-keeping software will
14  be referred to hereinafter as the "postliminary work activities"). The postliminary
15  work activities took up to 10 minutes to complete. Like Defendant UHCS's other
16  Telesales employees, Plaintiff was not compensated in any way for the time spent
17  on his postliminary work activities.

18      24.    Plaintiff and Defendant UHCS's other Telesales employees spent up
19  to 40 minutes of unpaid time per day on preliminary and postliminary work
20  activities.

21      25.    Significantly, Defendant UHCS was aware that Plaintiff and its
22  Telesales employees needed to engage in "off-the-clock" work booting up and
23  shutting down their computer programs and computers in order to be ready to field
24  calls no later than five minutes after the scheduled start of each shift, but
25  Defendant UHCS impeded its Telesales employees from complaining about having
26  to work "off-the clock" by repeatedly informing them that overtime was not
27  authorized and by threatening to discipline any employees who were on the clock
28  for more than 8 hours.

26.  The fact that Defendant UHCS required its LGs, LSRs and LSPs to be "ready" to field calls no later than five minutes after the start of each shift, having completed their "log in" process and the preliminary activities, while at the same time telling its Telesales employees that overtime was not authorized, created a situation where Telesales employees nationwide were implicitly encouraged to work "off-the-clock" without being able to complain about being underpaid without risking disciplinary action for working unauthorized overtime.

27.  As a result of the foregoing, Plaintiff, like his similarly-situated Telesales employees in California and across the nation throughout the California Class Period, including the Nationwide Class Period, regularly worked more than 8 hours per day and more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his and their regular rate of pay for all hours worked over 40 hours in a week and/or over 8 hours in a day under California law for the time spent "off the clock" performing their preliminary and postliminary work activities.

28.  Defendant UHCS's violation of the FLSA with respect to non-payment of regular and overtime wages for preliminary and postliminary work activities was willful.  Specifically, throughout the California Class Period, including the Nationwide Class Period, Defendant UHCS knew or should have known that its Telesales employees nationwide were engaged in "off-the-clock" work-related tasks of booting up their computers and programs before they electronically clocked in, and it also knew that its Telesales employees nationwide performed work-related tasks after logging out of Defendant UHCS's time-keeping software.

29.  Furthermore, throughout the California Class Period, including the Nationwide Class Period, Defendant UHCS knew that the preliminary and postliminary activities performed by its Telesales employees nationwide were compensable under the FLSA and that the preliminary and postliminary activities

1  performed by its Telesales employees in California were compensable under the

2  FLSA and/or California law, yet it intentionally and willfully failed to pay its

3  Telesales employees, including Plaintiff, overtime wages due for their preliminary

4  and postliminary activities performed before and after the start of its Telesales

5  employees' shifts. This was true on a nationwide basis throughout the California

6  Class Period and throughout the Nationwide Class Period for the California Class

7  and the Nationwide Class, respectively.

8  **B.**    **Facts Relevant to the California Class's Meal and Rest Period Claims**

9       30.    Throughout the California Class Period, as a result of the continuous

10 loop of phone calls received by Plaintiff and the California Class, it was not

11 infrequent for Defendant UHCS's Telesales employees in California, including

12 Plaintiff, to be fielding sales calls at the fifth hour or even through the sixth hour of

13 his and their shifts, which made it difficult, if not impossible, for them to take a 30

14 minute off-duty meal period on or before the fifth or even sixth hour of their shifts.

15      31.    Similarly, there were numerous occasions during the California Class

16 Period when Defendant UHCS's Telesales employees in California were in the

17 middle of sales calls when the time arrived for their statutory rest breaks.

18      32.    Throughout the California Class Period, Defendant UHCS's policy

19 was to encourage its Telesales employees in California to complete their pending

20 sales calls when the times arrived for their statutory meal and/or rest periods.

21      33.    Stated otherwise, on numerous occasions during the California Class

22 Period, Plaintiff and the members of the California Class were unable to take their

23 off-duty uninterrupted 30 minute meal breaks and/or their 10 minute rest breaks on

24 a timely basis, if at all.

25      34.    Moreover, throughout the California Class Period, Defendant UHCS

26 had a uniform policy of failing to pay premium pay to Plaintiff and the California

27 Class for their missed or late meal and rest breaks.

28

35.     In fact, Defendant UHCS has never paid a premium payment for a missed meal or rest break to Plaintiff, and, on information and belief, it has never paid a missed meal or rest break premium payment to any member of the California Class throughout the California Class Period.

**C.     Facts Relevant to the California Class's Inaccurate Paystub Claims**

36.     As a result of Defendant UHCS's failure to pay Plaintiff and its Telesales employees in California during the California Class Period for their working time associated with pre- and postliminary activities, and for their missed or untimely meal and rest breaks, Defendant UHCS's wage statements issued to Plaintiff and the members of the California Class were consistently inaccurate regarding actual hours worked and/or gross or net wages earned.

37.     Stated otherwise, throughout the California Class Period, Defendant UHCS has issued inaccurate itemized wage statements to all LG, LSRs and LSPs in California, because, among other things, its itemized wage statements did not contain accurate information about hours worked "off the clock" before and after each shift, nor did they ever contain missed meal or rest break premium payments.

38.     In addition, throughout the Class Period, Defendant UHCS failed to accurately track and record commissions earned by its Telesales employees pursuant to its applicable Sales Incentive Plan(s).  For this additional reason, Defendant UHCS's paystubs issued to Plaintiff and the California Class were inaccurate throughout the Class Period.

**D.     Facts Relevant to the California Class's Waiting Time Penalty Claims**

39.     Throughout the California Class Period, Defendant UHSC's policy with respect to delivering final paychecks to separating employees in California was to send their final paycheck at the next upcoming scheduled payday.

40.     When his employment ended on December 3, 2009, Plaintiff told his supervisor that he was entitled to his final paycheck on that same day.  The supervisor said that a check would be mailed to him but did not specify when that would happen.

41.     Thereafter, Plaintiff called Defendant UHSC's Human Resources Department to inquire about his final paycheck.  Consistent with Defendant UHSC's policy, the HR Department informed Plaintiff that he would received his final paycheck at the next regularly scheduled payday.

42.     During that conversation, Plaintiff told Defendant UHSC's HR Department that California law required the immediate delivery of all wages owed on the day of termination in the case of a termination, or within 72 hours in the case of a separation, to which the HR Representative responded, "we comply with federal law, not California law."  Subsequently, however, Plaintiff received a final paycheck approximately one week after his employment ended.

43.     Even when Plaintiff received his final paycheck on an untimely basis, he, like all the members of the California Class, did not receive all of the wages due to him.  Specifically, Defendant UHSC failed to include all of the unpaid wages due for his and their off-the-clock work, as well as all of the missed meal and rest break premium pay due.   In addition, Defendant UHCS failed to include any waiting time penalties owed to Plaintiff.

44.     Defendant UHCS uniformly sent final paychecks to departing employees in California on an untimely basis.  Furthermore, Defendant UHCS's final paychecks sent to departing employees who are members of the California Class did not include all wages due to them and/or any waiting time penalties.

## VI. NATIONWIDE COLLECTIVE ACTION

45.     Plaintiff brings this action individually and as a collective action (commonly referred to as an "opt-in" class) pursuant to Section 16(b) of the Fair

Labor Standards Act, 29 U.S.C. § 216(b). The "Nationwide Class" is defined as, "All hourly, non-exempt Telesales employees of Defendant United Health Care Services, Inc. employed in the United States at any time from March 19, 2007 through the present in the positions of Lead Generator, Licensed Sales Representative and/or Licensed Sales Professional."

46.    Defendant UHCS willfully "suffered or permitted" the Nationwide Class to perform labor without payment of overtime compensation at a rate of not less than one and one half times their regular hourly rate for hours worked in excess of forty in a week as required by federal law.

47.    Plaintiff represents those other current and former employees and acts on their behalf and interests as well as his own in bringing this action. These similarly situated employees are known to Defendant UHCS and are readily identifiable, and may be located through Defendant UHCS's personnel records. These similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant to 19 U.S.C. §216(b), for the purpose of collectively adjudicating their claims.

## VII. CALIFORNIA CLASS ACTION

48.    Plaintiff also brings a true class action (commonly referred to as an "opt-out" class) pursuant to Federal Rules of Civil Procedure Rule 23. The "California Class" is defined as, "All hourly, non-exempt employees of Defendant United Health Care Services, Inc. employed in the State of California at any time from March 19, 2006 through the present in the positions of Lead Generator, Licensed Sales Representative and/or Licensed Sales Professional."

49.    Defendant UHCS, inter alia, willfully "suffered or permitted" the California Class to perform labor without payment of overtime compensation at a rate of not less than 1.5 times their regular rate for hours worked in excess of forty in a week and/or eight hours in a day as required by California law.

50.    Numerosity.  The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable.  Although the precise number of such persons is unknown, upon information and belief Defendant UHCS has employed several hundred individuals who satisfy the definition of the class, and who have been denied wages and payments due to them because of Defendant's unlawful policies and practices.

51.    Commonality.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including but not limited to, whether Defendant UHCS:

a.    Employed Telesales employees in positions subject to, and not exempt from, the overtime requirements of California law;

b.    Required, encouraged or permitted non-exempt Telesales employees in California to work in excess of 40 hours per week and/or 8 hours per day;

c.    Failed to pay non-exempt Telesales employees in California for time worked in excess of 40 hours per week and/or 8 hours per day at the proper overtime rate of 1.5 times their regular rate of pay;

d.    Violated California Labor Code sections 510 and 1194 by failing to pay California Telesales employees for time worked in excess of 40 hours per week and/or 8 hours per day at the rate of 1.5 times their regular rate of pay;

e.    Knowingly and intentionally failed to provide California Telesales employees with accurate itemized wage statements showing total regular and overtime hours worked including the proper overtime pay rate and overtime hours;

f.    Failed to pay premium pay to employees for missed, untimely, or on-duty meal periods and for missed rest periods in violation of Labor Code Sections 226.7, 512 and the applicable IWC Wage Order;

g.    Violated California Labor Code sections §§201-203 by failing to timely pay former employees wages due upon termination of employment;

1    h.    Violated the Unfair Business Practice Act, California Business &

2  Professions Code, §§17200-17209 by failing to pay proper overtime compensation

3  to non-exempt employees during their employment, failing to provide accurate

4  itemized wage statements, and by failing to timely pay former employees wages

5  due upon termination of employment;

6         i.  Additionally, there are common questions of law and fact as to the

7  proper measure of damages sustained by Plaintiff and the Class.

8    52.   Typicality.  Plaintiff's claims are typical of the claims of the

9  California Class in that he was subjected to the same violations of California law

10 and seeks the same type of damages, restitution, and other relief on the same

11 theories and legal grounds as the California Class he seeks to represent.

12   53.   Adequacy of Representation.  Plaintiff will fairly and adequately

13 represent and protect the interests of the California Class. Plaintiff's attorneys are

14 competent and experienced in litigating wage and hour class actions, like this one.

15   54.   Predominance of Common Issues.  Class Certification is also

16 appropriate under Fed.R.Civ.P. 23(b)(3) because questions of law and fact

17 common to the Class predominate over any questions affecting only individual

18 members of the Class, and because a class action is superior to other available

19 methods for the fair and efficient adjudication of this litigation.

**VIII. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**NATIONWIDE COLLECTIVE ACTION CLAIM FOR**

**FAILURE TO PAY OVERTIME WAGES FOR ALL HOURS WORKED**

**IN VIOLATION OF 29 U.S.C. §§207(a), 216(b)**

25   55.   Plaintiff re-alleges and incorporates by reference each and every

26 allegation set forth in the preceding paragraphs.

27

28

56.    Section 207(a) of the FLSA requires employers to pay covered non-exempt employees overtime pay amounting to 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week.

57.    Specifically, Section 207(a) provides, in pertinent part: " ... no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58.    Throughout the Nationwide Class Period, Plaintiff and Defendant UHCS's Telesales employees across the nation spent more than fifty percent of their time performing non-exempt work, did not directly supervise two or more of Defendant's employees simultaneously at all times, did not make fundamental decisions of policy for the Defendant and/or were otherwise not exempt from the overtime provisions of the FLSA.

59.    Throughout the Nationwide Class Period, Plaintiff and Defendant UHCS's Telesales employees across the nation regularly worked in excess of forty hours per week, but were not paid overtime compensation as required by 29 U.S.C. §207(a) at a rate of one and one-half times his and their regular rates of pay.

60.    Specifically, while Plaintiff and Defendant UHCS's Telesales non-exempt employees nationwide regularly worked shifts of at least 8 hours per day for 5 days per week, they routinely worked "off the clock" from 10 to 30 minutes per day to complete their preliminary and postliminary activities with the knowledge and/or acquiescence of Defendant UHCS.

61.    As a result, Defendant UHCS willfully failed to pay overtime wages to Plaintiff and all "opt-in" national class members for all hours worked "off the clock" in violation of 29 U.S.C. §207(a).

62.    Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their... unpaid overtime compensation, and in an additional equal amount as liquidated damages."

63.    Pursuant to 29 U.S.C. § 207(a) and 216 of the FLSA, Plaintiff and Defendant UHCS's non-exempt Telesales employees nationwide are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit, for their time spent working on preliminary and postliminary activities, as described and defined herein, throughout the Nationwide Class Period.

### SECOND CAUSE OF ACTION

**CALIFORNIA CLASS ACTION CLAIM FOR FAILURE TO PAY
OVERTIME COMPENSATION FOR ALL HOURS WORKED
IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510 and 1194**

64.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65.    Section 510 of the Labor Code provides:

". . . Any work in excess of eight hours in one workday
and any work in excess of 40 hours in any one workweek
shall be compensated at the rate of no less than one and
one-half times the regular rate of pay for an employee
(*sic*) and any work in excess of 12 hours in one day shall
be compensated at the rate of no less than twice the
regular rate of pay for an employee. . ."

66.     Section 3(a)(1) of the applicable IWC Wage Order also mandates that employers in California pay 1.5 times the employees' regular rate of pay for the time that employees work more than eight hours in a day or forty hours in a week.

67.     At all times relevant hereto, Plaintiff and the members of the California Class were non-exempt for purposes of the overtime pay requirements set forth in the California Labor Code and the applicable IWC Wage Order.  In addition, during the California Class Period, Plaintiff and Members of the Class consistently worked more than 8 hours per day and more than 40 hours per week performing the preliminary and postliminary work activities, the vast majority of which was performed "off-the-clock".

68.     By failing to correctly pay overtime compensation due to Plaintiff and the members of the California Class, Defendant UHCS willfully and knowingly violated the provisions of California law, including the Labor Code and the applicable IWC Wage Order, which require overtime compensation to be paid to non-exempt employees for all hours worked over 8 in a day and 40 per week.

69.     As a result of Defendant's policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiff and members of the California Class have been damaged.

70.     Under Section 1194 of the Labor Code, an employee receiving less than the  legal overtime compensation applicable to the employee is authorized to bring suit for the unpaid balance of the full amount of the overtime compensation owed to him, including interest, reasonable attorney's fees and costs of the suit.

71.     Accordingly, pursuant to Labor Code Section 1194, Plaintiff seeks to recover unpaid overtime compensation for himself and the California Class in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## CALIFORNIA CLASS ACTION CLAIM FOR INACCURATE
## WAGE STATEMENTS UNDER LABOR CODE § 226

72. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73. Section 226(a) of the California Labor Code provides:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee."

74. Section 226(e) provides that an employee is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

75. As described above, throughout the California Class Period, Defendant UHCS issued inaccurate itemized wage statements to Plaintiff and members of the California Class containing incorrect information regarding the total hours worked and total wages earned by Plaintiff and members of the

California Class in that: (1) Defendant failed to include accurate information about hours actually worked by Plaintiff and members of the California Class throughout the California Class Period by improperly excluding time spent on the preliminary and postliminary activities; (2) Defendant failed to include accurate information about wages earned by Plaintiff and the members of the California Class for missed, untimely and/or on-duty meal periods, and/or missed rest periods, because premium wages for missed meal and rest periods were not included in the paystubs' summary of gross wages earned for Plaintiff and the California Class; and (3) Defendant routinely failed to accurate information about commissions earned by Plaintiff and the California Class.

76.   Defendant's failure to issue accurate itemized wage statements to Plaintiff and members of the California Class during the California Class Period has caused injury to Plaintiff and the members of the California Class in that their wage statements were inherently confusing and hid the fact that Defendant UHCS owed Plaintiff and the California Class overtime wages for working time spent on the preliminary and postliminary activities; premium pay for missed meal and rest breaks; and unpaid commissions. *See, Brewer v. Premier Golf Properties*, (2008) 168 Cal.App.4th 1243, 1254, at n. 9 (wage statement claim may be triggered by failure to include missed meal period premium pay on wage statements); *Cicairos v. Summit Logistics*, 133 Cal.App.4th at 954 ("If it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the *total hours worked* during the pay period, the requirements of section 226 would not be met").

77.   As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and Class Members in violation of Labor Code §226(a), Plaintiff and the members of the California Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not

1  exceeding an aggregate penalty of $4000 per Plaintiff and per every member of the

2  Class from Defendant pursuant to Section 226(e) of the Labor Code.

## FOURTH CAUSE OF ACTION

### CALIFORNIA CLASS ACTION CLAIM FOR FAILURE TO PAY PREMIUM PAY FOR MISSED MEAL AND REST PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE §§ 512, 226.7 AND SECTIONS 11 AND 12 OF THE IWC WAGE ORDER

8      78.    Plaintiff re-alleges and incorporates by reference each and every

9  allegation set forth in the preceding paragraphs.

10     79.    California Labor Code § 226.7(a) provides, "No employer shall

11  require any employee to work during any meal or rest period mandated by an

12  applicable order of the Industrial Welfare Commission."

13     80.    Section 11(A) of the applicable IWC Order[1] provides, in relevant part:

14  "No employer shall employ any person for a work period of more than five (5)

15  hours without a meal period of not less than 30-minutes, except that when a work

16  period of not more than six (6) hours will complete the day's work the meal period

17  may be waived by mutual consent of the employer and the employee."

18     81.    Section 11(C) of the applicable IWC Order further provides, in

19  relevant part: "Unless the employee is relieved of all duty during a 30-minute meal

20  period, the meal period shall be considered an 'on duty' meal period and counted

21  as time worked."

---

[1] The IWC Wage Orders were updated periodically from January 1, 2002 through January 1, 2006. However, the relevant provisions cited herein have not changed during the Class Period.

82.     Section 512(a) of the California Labor Code provides, in relevant part, that:

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

83.     Absent express permission from the Labor Commissioner, the employee's first meal break cannot commence after the sixth hour of work. *See,* Labor Code § 512(b). The obvious implication, then, is that the employee's first meal break must commence by the fifth, or at least by the sixth, hour of work. Moreover, under Section 512, the first meal period cannot be waived on shifts longer than six hours.

84.     The Labor Code and IWC Wage Order provisions cited above require California employers to provide employees with off-duty meal periods of 30-minutes on or before the fifth hour of their shifts. To satisfy this obligation, California employers must: (1) make employees aware of their right to off-duty 30-minute meal periods before the fifth hour of their shifts, and (2) ensure that employees are actually free of job duties for thirty minutes per day on or before the fifth hour of their shifts. *See, Bufil v. Dollar Financial Group, Inc.,* 162 Cal.App. 4th 1193, 1199 (an employer must "clearly communicate the authorization and permission [to take the meal period] to its employees"); *Cicairos v. Summit Logistics,* 133 Cal.App.4th 949, 962-963 (2005) ("... the defendant's obligation to

provide the plaintiffs with an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have 'an affirmative obligation to ensure that workers are actually relieved of all duty. ...")[1]; IWC Orders, Section (11)(c) ("Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."); DLSE advisory letter, January 28, 2002, p. 1 ("In this regard rest periods differ from meal periods, during which an employer has an affirmative obligation to ensure that workers are actually relieved of all duty, not performing any work, and ... free to leave the employer's premises").

85.    Concerning rest periods, section 11(A) of the Wage Order provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable, shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

86.    Section 11(B) of the Wage Order further provides, "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

87.    As alleged herein, due to the continuous loop of incoming phone calls and Defendant UHC insistence that its Telesales employees continue handling sales calls and enrollments that were on-going when the time for a meal or rest

---

[1] In *Murphy v. Kenneth Cole*, (2007) 40 Cal.4th 1094, 1114, the California Supreme Court favorably cited *Cicairos*. Significantly, the California Supreme Court also denied a petition for review in *Cicairos*.

period arrived, Plaintiff and the members of the California Class were routinely required to work through their meal periods and/or take untimely meal breaks at the direction of Defendant UHCS and/or with its knowledge and acquiescence.

88.    Under California law, employers must also record their employees' meal periods: "Every employer shall keep accurate information with respect to each employee, including the following: ... Meal periods ... shall also be recorded. Meal periods during which operations cease ... need not be recorded." IWC Order No. 7, § (7)(A)(3). Where the employer has failed to keep records required by statute, the consequences of such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for liability." *Hernandez v. Mendoza*, 199 Cal.App. 3d 721, 727 (1988).

89.    Inasmuch as Defendant UHCS had an obligation under the record-keeping requirements of the Wage Order to track meal periods unless "all work ceases", Defendant UHC knew or should have known that its Telesales employees were often missing meal and rest periods and/or being forced to take untimely meal and rest periods, throughout the California Class Period.

90.    By its actions in requiring its Telesales employees in California to work through meal periods and/or its failure to ensure that its Telesales employees were relieved of all duties for their timely off-duty meal periods and were provided their rest periods on a timely basis, Defendant violated California Labor Code section 226.7 and section 11(B) and 12(B) of the applicable IWC Wage Order, and is liable to Plaintiff and the California Class.

91.    As a result of the unlawful acts of Defendant UHCS, Plaintiff and the California Class have been deprived of timely off-duty meal periods and timely rest periods, and are entitled to recovery under Cal. Labor Code §226.7(b), as well as Sections 11(B) and 12(B) of the Wage Order, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period

during each day in which Defendant UHCS failed to provide drivers with statutory timely off-duty meal periods and timely rest periods.

92.     In *Murphy v. Kenneth Cole Productions*, 40 Cal 4th 1094, 1114 (2007), the California Supreme Court held that the "additional hour of pay" for failure to provide an employee with meal or rest periods constitutes a wage," rather than a "penalty," and, accordingly, is governed by the three-year statute of limitations set forth in C.C.P. §338(a).

93.     Cal. Labor Code § 218 authorizes Plaintiff and the members of the California Class to bring a private right of action to recover wages due based on the deprivation of timely meal periods under Cal. Labor Code § 226.7(b) as well as Sections 11(B) and 12(B) of the IWC Wage Order.

## FIFTH CAUSE OF ACTION

## CALIFORNIA CLASS ACTION CLAIM FOR FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF CALIFORNIA LABOR CODE §§ 201-203

94.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

95.     Sections 201 and 202 of the California Labor Code require Defendant UHCS to pay all compensation due and owing to former employees at or around the time each employee's employment is terminated or ends.

96.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§201-202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

97.     Throughout the California Class Period, Defendant UHCS willfully failed to send final paychecks to departing Telesales employees in California until the next regularly scheduled payday. In other words, Defendant UHCS sent final paychecks to departing Telesales employees on an untimely basis that was one to

14 days late.  To make matters worse, Defendant UHCS's final paychecks sent to departing Telesales employees, like Plaintiff, who are members of the California Class, did not include all overtime wages due to them, missed meal and rest break premium pay, and/or any waiting time penalty wages, as required by California Labor Code §§201-202.

98.   As a result, Defendant UHCS is now liable to Plaintiff and the other members of the California Class whose employment with Defendant UHC has ended within California Class Period for penalties pursuant California Labor Code § 203 in the maximum amount of thirty days wages for each California Class member who is no longer employed by Defendant UHC.

**SIXTH CAUSE OF ACTION**

**CALIFORNIA CLASS ACTION CLAIM FOR UNFAIR/**
**UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF**
**CAL. BUS. & PROF. CODE §§17200-17208**

99.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

100.   Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

101.   Labor Code section 90.5(a) states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

102.   Through its actions alleged herein, Defendant UHCS has engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code, § 17200, because Defendant UHCS's conduct has violated state wage and hour laws as herein described.  Indeed, Defendant UHCS's conduct as herein alleged has

1  damaged Plaintiff and the California Class members by wrongfully denying them
2  overtime pay, premium pay for missed or untimely meal and rest periods, and
3  waiting time penalty wages, and therefore was substantially injurious to Plaintiff
4  and the Class members.

5      103.  Under Section 17208 of the California Business and Professions
6  Code, the statute of limitations for a claim under Section 17200 is four years.
7  Accordingly, the actionable Class Period for this cause of action is March 19, 2006
8  through the present (i.e., the "California Class Period").

9      104.  Beginning at a date unknown to Plaintiff, but at least as early as
10  March 19, 2006, Defendant UHCS committed, and continues to commit, acts of
11  unfair competition, as defined in § 17200 et seq. of the California Business and
12  Professions Code by, among other things, engaging in the acts and practices
13  described above.

14      105.  Defendant UHCS engaged in unfair competition in violation of Cal.
15  Bus & Prof. Code, § 17200 et seq by violating, inter alia, each of the following:

16          a.    Cause of Action One as stated above;
17          b.    Cause of Action Two as stated above;
18          c.    Cause of Action Three as stated above;
19          d.    Cause of Action Four as stated above;
20          e.    Cause of Action Five as stated above;
21          f.    29 U.S.C. § 207(a);
22          g.    Cal. Labor Code § 510;
23          h.    Cal. Labor Code §226;
24          i.    Cal. Labor Code § 226.7;
25          j.    Cal. Labor Code § 512;
26          k.    Cal. Labor Code § 201-203; and
27          l.    California IWC Orders No. 4-2001, Sections 11 and 12 (as
28

amended on January 1, 2002, January 1, 2003, January 1, 2004,
July 2, 2004, January 1, 2005 and January 1, 2006).

106.   Defendant's course of conduct, act and practice in violation of the
California laws mentioned in each paragraph above constitute separate and
independent violations of 17200 et seq. of the California Business and Professions
Code.

107.   The harm to Plaintiff and the California Class members in being
wrongfully denied overtime pay, meal and rest period premium pay and waiting
time penalties, outweighs the utility, if any, of Defendant UHCS's policies/
practices and, therefore, Defendant UHCS's actions described herein constitute an
unfair business practice or act within the meaning of California Business and
Professions Code § 17200.

108.   The unlawful, unfair and fraudulent business practices and acts of
Defendant UHCS, as described above, have injured Plaintiff and the California
Class members in that they were wrongfully denied overtime wages due, and
premium wages due for missed or untimely meal and rest periods, and waiting time
penalty wages.

109.   Defendant UHCS's failure to pay legally required overtime wages for
all time worked, its failure to pay missed meal and rest period premium pay, and its
failure to pay waiting time penalties, constitute unlawful acts prohibited by the
California Unfair Practices Act, Business & Professions Code 17200 et seq.

110.   As a result of these unlawful acts, Defendant UHCS has reaped unfair
benefits and illegal profits, at the expense of Plaintiff and all California Class
Members.  Defendant UHCS must make restitution and/or be subject to other
equitable relief pursuant to California Business & Professions Code 17203.  All
such remedies are cumulative of relief available under other laws, pursuant to
California Business & Professions Code 17205.

111.   Plaintiff requests relief as described below on behalf of himself and all California Class Members.

## IX. **DEMAND FOR JURY TRIAL**

112.   Plaintiff hereby demands trial by jury on his individual, collective and/or class-wide claims stated herein against Defendant

## X. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. COLLECTIVE FLSA CLAIM

1.   Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt Telesales employees employed by Defendant UHCS nationwide as LGs, LSRs and LPs at any time during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty hours in a week during the past three years, and were not paid as required by the FLSA;

2.   A declaratory judgment that Defendant has violated the overtime wages provision of the FLSA, 29 U.S.C. 207(a), as to the Plaintiff and similarly situated persons who opt into this action;

3.   A declaratory judgment that Defendant's violations of the FLSA were willful.

4.   An award to Plaintiff and other similarly situated persons who opt into this action of damages in the amount of unpaid compensation to be proven at trial, pursuant to the FLSA.

5.   An award to Plaintiff and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

6.      An award to Plaintiff and other similarly situated persons who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §216(b); and

7.      An award of such other and further relief as this Court may deem appropriate.

B. <u>CLASS ACTION CLAIMS UNDER CALIFORNIA LAW</u>

1.      Certification of the California state law claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed California Class;

2.      Class notice, pursuant to Fed. R. Civ. P. 23(c)(2), to all non-exempt Telesales employees who were employed by Defendant UHCS in California since March 19, 2006, pursuant to the statute of limitations on the California Unfair Practices Act claims, Business & Professions Code 17208;

3.      A declaratory judgment that Defendant UHCS has violated the overtime provisions of the California Labor Code Section 510 as to the Plaintiff and California Class Members.

4.      An award to Plaintiff and the California Class Members in the amount of unpaid overtime compensation to be proven at trial, plus interest, and reasonable attorneys' fees, pursuant to California Labor Code 510 and 1194.

5.      A declaratory judgment that Defendant UHCS violated Labor Code §§226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiff and Class Members in that, as set forth above, the paystubs contained inaccurate information about the total number of hours worked, the overtime wages earned, and the total wages earned during the California Class Period.

6.      An award to Plaintiff and the California Class Members of $50 for each initial pay period in which a violation of §226 occurred and $100 for each subsequent pay period in which a violation of §226 occurred, not to exceed $4,000 per person, as well as an award of costs and reasonable attorneys' fees;

7.    A declaratory judgment that Defendant UHCS has violated California Labor Code § 226.7, § 512 and Sections 11 and 7 of IWC Wage Order No. 4;

8.    Pursuant to Cal. Labor Code § 226.7 and Section 11 of the IWC Wage Order, an award to Plaintiff and the California Class Members for an additional hour of pay at the employee's regular rate of compensation for each day that meal periods were missed/not provided;

9.    Pursuant to Cal. Labor Code § 226.7 and Section 12 of IWC Wage Order No. 7, an award to Plaintiff and the Class Members for an additional hour of pay at the employee's regular rate of compensation for each day that rest periods were missed/not permitted;

10.    A declaratory judgment that, as to Plaintiff and California Class Members who are former employees, Defendant UHCS violated California Labor Code §§201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

11.    An award to Plaintiff and Class Members of the Class who are former employees of Defendant of payments due to them as waiting time penalties pursuant to California Labor Code §203 and reasonable attorneys' fees;

12.    A declaratory judgment that Defendant violated California Business & Professions Code §§17200-17208 by failing to pay their non-exempt employees overtime compensation, and/or to provide accurate itemized statements with each payment of wages, as required by California law;

13.    An order requiring Defendant to pay restitution of all amounts owed to Plaintiff and the Class Members, for Defendant's failure to pay legally required overtime compensation, and/or to provide accurate itemized statements of total hours worked with each payment of wages, in an amount according to proof, pursuant to California Business & Professions Code §17203;

14.     An award to Plaintiff and Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code §§226, 1194, 2802, and/or other applicable law;

15.     Pursuant to Cal. Labor Code Section § 218.6, an award of all accrued interest from the date the wages were due and payable at the legal interest rate; and

16.     An award of such other and further relief as this Court may deem appropriate.

Date: March 19, 2010

Respectfully submitted,

**ACKERMANN & TILAJEF, P.C.**

By: _____

Craig J. Ackermann

**WASSERMAN, COMDEN,
CASSELMAN & ESENSTEN, L.L.P.**

By: _____

Melissa M. Harnett

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## CV10- 2027 CAS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Craig J. Ackermann
Ackermann & Tilajef, P.C.
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Robert Cohen, individually and on behalf of all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 10-2027 CAS (ANx) |
| v. United HealthCare Services, Inc. | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): United HealthCare Services, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Craig J. Ackermann _____, whose address is 1180 S. Beverly Drive, Suite 610, Los Angeles, CA 90035 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __19 MAR 2010_____

By: _____
SHEA BOURGEOIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Robert Cohen, individually and on behalf of all others similarly situated | DEFENDANTS<br>United HealthCare Services, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Ackermann & Tilajef, P.C., 1180 S Beverly Drive, Ste 610, Los Angeles, CA 90035, (310) 277-0614; Wasserman, Comden, Casselman & Esensten, 5567 Reseda Blvd, Ste 330, P.O. Box 7033, Tarzana, CA 91357, (818) 705-6800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** 10 million +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Labor Standards Act, 29 U.S.C. 216(b), for denial of compensation for "off-the-clock" working time

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY<br>☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date __3/19/10__

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |