# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED HEALTHCARE SERVICES, INC.,<br><br>        Defendant. | CASE NO. 10-2027 CAS (ANx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: Hon. Christina A. Snyder |

The unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiff Robert Cohen ("Class Representative" or "Plaintiff") came on regularly in Courtroom 5 of the above captioned court, Hon. Christina A. Snyder presiding, Melissa M. Harnett, of Wasserman, Comden, Casselman & Esensten, L.L.P. ("WCCE") and Craig J. Ackermann, of Ackermann & Tilajef, P.C., ("A&T") appeared on behalf of Plaintiffs. Noah Finkel, appeared on behalf of Defendant United HealthCare Services, Inc. ("UHS").

This Court having fully received and considered the Plaintiff's notice of motion, supporting memorandum of points and authorities, declarations of Melissa M. Harnett and Craig J. Ackermann, the Settlement Agreement, the proposed Class Notice, and the proposed Opt-Out and Claim forms, and the oral argument presented

to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to good faith, fairness, adequacy, and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

Plaintiff and his counsel filed this class action lawsuit alleging that Defendant UHS failed to pay overtime wages or any wages for pre- and post-shift working time spent on computer-related work to call center employees, pay call center employees for missed, on-duty and untimely meal periods; issue accurate itemized wage statements to call center employees; and pay call center employees all wages due to them upon termination or separation of employment. Plaintiff has also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code § 17200, et seq. and that civil penalties are payable under California's Private Attorney General's Act of 2004.

On November 15, 2010 after a full-day of mediation, the parties reached a class settlement agreement for the disputed claims. In full settlement of class claims that were encompassed by this case, Plaintiff and UHS have agreed to the entry of a Joint Stipulation of Class Action Settlement (the "Agreement"), attached hereto. UHS continues to deny all allegations contained in the operative Amended Complaint.

Plaintiff has moved this Court to (1) preliminarily approve the Agreement; (2) certify the Class for settlement purposes only; (3) appoint Plaintiff as Class Representative; (4) appoint Melissa Harnett of WCCE and Craig Ackermann of A&T as Class Counsel; (5) approve the proposed Class Notice and related forms; (6) schedule a date for a hearing on Final Approval; and (7) enter a Preliminary Approval Order.

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that provisional certification of the following class for settlement purposes only is appropriate under Federal Rules of Civil Procedure, Rule 23(b)(3) and related case law:  All hourly, nonexempt telephone-based call center employees employed by United HealthCare Services, Inc.'s Ovations business segment who worked at Ovation's Cypress, California and Santa Ana, California locations at any time from March 19, 2006 to February 1, 2011("Class Period") (including the 634 employees already identified by Defendant).

The Court finds that the Settlement Class meets the numerosity requirement of Rule 23(a)(1) because it consists of approximately 634 class members who have been identified through UHS' records.  The commonality requirement of Rule 23(a)(2) is also met because there are issues of law and fact common to the class, such as whether Defendant's California call center employees were paid overtime for boot-up and shut-down computer-related work and whether UHS paid its employees for missed, on-duty and untimely meal periods.  Plaintiff also alleges that Defendant paid for scheduled time, rather than for actual time worked, including pre- and post-shift time that was actually or constructively known by Defendant to have been worked by its call center workers. In the absence of class certification and settlement, each individual Settlement Class member would be forced to litigate core common issues of law and fact, including the validity of each Settlement Class members' claims that they were unlawfully denied pay for pre- and post-shift work and they were not paid for missed, on-duty, and untimely meal periods, as required by law.  Because the Plaintiff and Settlement Class members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied.  The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representative has the same interests as all members of the Settlement Class,

and is represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3), the Court further finds that common issues predominate over individual issues in the litigation and that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will not only achieve economies of scale for Settlement Class members with relatively small individual claims, but will also conserve the resources of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

The Court finds that the Plaintiff, Robert Cohen, is an adequate class representative and appoints him as such.

Pursuant to Federal Rules of Civil Procedure Rule 23(g), the Court finds that Plaintiff's Counsel (Melissa Harnett of WCCE and Craig Ackermann of A&T) has adequately represented the Settlement Class. Specifically, they have sufficiently identified and investigated the claims in this matter; have presented evidence to the court of their experience in handling other wage and hour class actions; have demonstrated knowledge of the applicable law; and have allocated sufficient resources to represent the class. Accordingly, pursuant to Rule 23(g)(1), Melissa Harnett of WCCE and Craig Ackermann of A&T are hereby appointed as Class Counsel.

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by UHS that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action, and/or to seek decertification or modification of the Settlement Class should the proposed Settlement Agreement not be granted final approval.

**PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The Court has reviewed the Settlement Agreement and the proposed Class Notice documents, which are attached as exhibits hereto. The Court finds, on a

preliminary basis, that the Settlement Agreement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court also finds, on a preliminary basis, that the Agreement appears to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel, and is therefore presumptively valid. The Court also finds, on a preliminary basis, that the proposed resolution of the FLSA claims is fair and reasonable. It appears to the Court on a preliminary basis that the settlement fund amount of $1,250,000 is fair and reasonable to all Settlement Class members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation, discovery, research and mediation was conducted and, as such, counsel for the parties' were both able to reasonably evaluate their respective positions. It further appears that the settlement at this time will avoid additional substantial costs which have already been incurred by both parties, as well as avoid the delay and risks that would be presented by the further prosecution of the litigation.

The Court therefore preliminarily and conditionally approves the Settlement, including: (1) the proposed Incentive Award for Plaintiff of $12,000 in addition to his pro rata share of the settlement fund; (2) the reasonable costs of Class Counsel (estimated at $13,750); (3) attorneys' fees of 25% of the Settlement Fund, after costs; and (4) payment of reasonable settlement administration costs from the Settlement Fund (estimated at no more than $18,000). Pursuant to Rule 23(g)(4) and Rule 54(d)(2), Plaintiff's Counsel is expected to file a Motion for Approval of their attorneys' fees and costs in connection with and to be heard at the same time as the Final Fairness Hearing regarding the settlement.

## APPROVAL OF DISTRIBUTION OF THE CLASS NOTICE

This Court finds the proposed Class Notice, proposed Opt-Out form, and proposed Claim Form, which are attached hereto as Exhibits 1, 2, and 3 respectively, fairly and adequately advise potential class members of the terms of

the proposed settlement, the formula that will be used to compute their pro rata allocation of the settlement, and the mechanisms for the former employee class members to claim their pro rata allocation of settlement, to file documentation in opposition to the proposed settlement, and to appear at the Fairness Hearing to be conducted on the date set forth below.  The Court further finds that the Class Notice and proposed distribution of such notice by first class mail to each identified Settlement Class member at his or her last known address (with database search and re-mailing of returned mail) comports with all constitutional requirements, including those of due process, and is the best notice practicable under the circumstances.

The Court confirms the selection of Simpluris, Inc. as the Settlement Administrator, the reasonable fees of which will be paid from the Settlement Fund. Accordingly, good cause appearing, the Court hereby approves the proposed Class Notice and adopts the following dates and deadlines:

| | |
|---|---|
| By February 10. 2010 | Deadline for UHS to provide class member information (name, last known address and phone number, social security number and number of weeks worked to the Settlement Administrator and Class Counsel, if such information has not already been provided<br><br>UHS will transfer the quoted rate of Settlement Administration to the Settlement Administrator not to exceed $18,000 |
| By February 15, 2010 | Settlement Administrator will send out a Notice of Class Action Settlement to Class, which will include an Opt Out form.  For Former Employees of UHS, Settlement Administrator will also include a Claim Form. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | Postmarked no later than 60 days from date on which Notices are sent out by the Settlement Administrator | Deadline for Eligible Settlement Class Members to submit Opt Out forms, and Former Employee Class Members to submit Claim Forms to the Settlement Administrator<br><br>If envelope containing the Class Notice has not been returned, it will be conclusively presumed that Class Member received the Notice.  If no Opt-Out was received, the Settlement Administrator will presume that the Class Member would like to be included in the Settlement.  If a Claim Form has not been returned, the money will be reallocated pro rata to participating class members. |
| 13<br>14<br>15<br>16 | No later than 5 days after receipt by Settlement Administrator of original Opt-Out Form requests, Claim Forms requests, objection statements, and withdrawal of objection statements | Settlement Administrator will serve on Class and Defense Counsel via e-mail date-stamped copies of the documents sent to Settlement Administrator |
| 17<br>18<br>19<br>20<br>21 | Weekly | Settlement Administrator will provide reports to Class and Defense Counsel updating them as to the number of responses received, including but not limited to, Opt-Out forms, Claim forms, and Objection statements |
| 22<br>23<br>24<br>25<br>26 | No later than 5 business days prior to the Court's Final Approval Hearing | Deadline for Class Counsel to provide the Court, Defense and Class Counsel with a declaration by the Settlement Administrator of due diligence and proof of mailing of the Notice of Class Action Settlement, Opt-Out Form, and Claim Form |

27
28

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | No later than 3 business days prior to Final Approval Hearing | Deadline for Settlement Administrator to compile and deliver to Defense and Class Counsel a final report with information regarding (a) the number of Opt-Out forms filed; (b) the final pro rata portion of each participating member of the Settlement Class; and (c) the number of undeliverables. |
| 8<br>9<br>10<br>11 | 21 days after Final Approval and Fees Motion are Filed | Final Approval and Fairness Hearing.<br>Date Court considers entry of order approving the Class Settlement after Notice to Class and Fairness Hearing |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | Effective Date | The day on which the later of these events has occurred:<br>(a) the Court's final approval of settlement if no objections by class members have been filed and not withdrawn,<br>(b) the time for appeal has expired if an objection has been filed and not withdrawn, or<br>(c) the final resolution of any appeal which has been filed.<br>It is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement. |
| 22<br>23<br>24<br>25<br>26<br>27 | Within 30 days of the Effective Date | Defendant shall transfer the remaining $1,232,000.00 to the Settlement Administrator.<br><br>The Settlement Administrator shall mail, by first-class US Mail to the last-known address, the Individual Settlement Amount to each participating class member, the |

28

| | |
|---|---|
| | incentive award, and the amount of attorney's fees and costs to Class Counsel |
| Within 21 business days of Settlement Administrator mailing the settlement checks | Deadline for Settlement Administrator to file with the Court and provide to Class Counsel a declaration of payment. |
| 90 days after the mailing of the of the settlement checks | All un-cashed settlement checks will become null and void and the unclaimed settlement funds will be sent by check to a non-profit charity mutually agreed upon by Class Counsel and Defendant's Counsel. |
| 180 days after the Effective Date | The Action shall be dismissed with prejudice. The Court will retain jurisdiction to enforce the terms of the Settlement Agreement. |

The date of the Final Approval hearing is hereby set for: June 6, 2011 at 10:00 a.m. in Courtroom 5 of the U.S. District Court, 312 N. Spring Street, Los Angeles, California 90012.

Dated: February 7, 2011

*/s/ Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT JUDGE

972985.1                                       9                         Case No. 10-2027 CAS (ANx)
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT