JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendant. | CASE NO. 10-2027 CAS (ANx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: June 6, 2011<br>Time: 10:00 a.m.<br>Judge: Hon. Christina A. Snyder |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Plaintiff and his counsel filed this class action lawsuit alleging that UHS' alleged failure to: (a) pay its call center employees for daily "off-the-clock" overtime in violation of the FLSA, 29 U.S.C. § 216(b), California Labor Code §§ 510, 1194, and IWC Wage Order No. 4; (b) pay overtime at the proper overtime rate; (c) issue accurate wage statements to the California Class with the number of actual hours worked and wages earned, in violation of Labor Code §§ 226, 226.3; (d) provide the California Class with timely 30-minute, off-duty meal breaks or, in the alternative, pay missed meal period premiums, in violation of Labor Code § 226.7 and § 512 and § 11 of the IWC Wage Order; (e) pay wages due to Plaintiff and other former employees in the California Class upon termination, in violation of Labor Code §§ 201-203; and (f) engage in unfair business practices against the California Class based on the foregoing in violation § 17200 of the California Business and Professions Code.

On November 15, 2010, after a full-day mediation session, the parties reached a class settlement agreement for the disputed claims. In full settlement of the class claims that were encompassed by this case, Plaintiffs and Defendant have agreed to the entry of a Joint Stipulation of Class Action Settlement Agreement ("Settlement Agreement"), including any exhibits thereto.

On January 24, 2011, the Court heard the Preliminary Approval Motion. On January 25, 2011, the Court signed the Preliminary Approval Order on February 7, 2011 and certified the Class for purposes of settlement, approved Ackermann & Tilajef, P.C., and Wasserman, Comden, Casselman & Esensten L.L.P. as Class Counsel, approved Plaintiff Robert Cohen as the Class Representative, preliminarily approved the Settlement, including the Enhancement Award to the named Plaintiff, and directed that the Class Notice Packet, consisting of the Notice of Settlement, Request for Exclusion, and Claim Form be mailed to the Class. The Court also approved payment of the claims administration costs to the Settlement Administrator, Simpluris, Inc.

In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement Agreement and the opportunity to opt out or object to the Settlement. More than 74% of the Settlement Class or 467 Class Members are participating in settlement. Only 2 Class Members submitted a Request for Exclusion (Opt-Out) Form. Thus, the vast majority of the Class Members will receive at least 100% of the Net Settlement Fund that is available for distribution among the Class, which is $888,750.00. The average settlement award will be $1,903.10. No Class Member objected to the terms of the Settlement or to the award of attorneys' fees by the April 16, 2011 deadline.

This Court having fully received and considered the Plaintiffs' notice of motions; supporting memoranda of points and authorities; the declarations of Craig Ackermann, Esq. and Melissa Harnett, Esq.; the declaration of the case manager Tony Dang employed by the settlement administrator; the Settlement Agreement; the Class Notice; the Challenge Form; the Request for Exclusion/Opt-Out Form; and the oral argument presented to the Court, it is hereby **ORDERED, ADJUDGED AND DECREED THAT**:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiffs and all Class Members.

3. This Court hereby certifies the Settlement Class for purposes of settlement, and appoints Plaintiff Robert Cohen as Class Representative, and Ackermann & Tilajef, P.C. and Wasserman, Comden, Casselman & Esensten, L.L.P. as Class Counsel.

4. For purposes of this Order, the term "Settlement Class" means: "All hourly, nonexempt telephone-based call center employees employed by United HealthCare Services, Inc.'s Ovations business segment who worked out of Ovation's Cypress, California and Santa Ana, California locations at any time from March 19,

2006 to February 1, 2011("Class Period") (including the 633 employees already identified by Defendant)."

5. Distribution of the Notice directed to the Settlement Class as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement and Plaintiffs' request for reasonable attorneys' fees and costs, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. No class members objected to the Settlement nor objected to the award of reasonable attorneys' fees and costs to Class Counsel. Only 2 class members opted out of the Settlement.

6. This Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms length negotiations. The Court further finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risk that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

7. The Court finds and determines that the settlement is fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, including Settlement Fund of $1,250,000 and Net Settlement Fund of $888,750.00.

8. The Court finds and determines that the Enhancement Award of $12,000 to the Plaintiff Robert Cohen is fair and reasonable, and gives final approval to and orders payment to him

9. The Court finds and determines that payment of $18,000 from the Settlement Amount for the claims administration costs, is fair and reasonable and gives final approval to the payment made in accordance with the terms of the Settlement.

10. The Court finds that, in compliance with the provisions of 28 U.S.C. §1715(b) and (d), Defendant gave notice of this Settlement to the appropriate State and Federal officials more than 90 days prior to the Effective Date of this Order.

11. The Effective Date of this Order shall be no earlier than June 11, 2011 (more than 90 days after the CAFA notice was mailed), provided that neither the Attorney General nor any other state or federal official who receives the CAFA notice objects to the Settlement Agreement

12. The Court finds and determines that any checks that remain un-cashed 180 days from their mailing become null and void, and the funds associated with any such un-cashed checks shall be paid to Bet Tzedek House of Justice.

13. Except for the Class Members who opted-out, all Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties, as those terms are defined in the Settlement Agreement.

14. The Court finds that the Settlement is in good faith and constitutes a fair, reasonable and adequate compromise of all of the claims covered by this litigation against Defendant.

15. The date this Order is signed and entered shall be the Effective Date of the Settlement. Defendant shall pay the Settlement Amount no later than two days after the Effective Date of Settlement. 180 days after the Effective Date, and provided the Settlement Amount has been paid out in accordance with the

Settlement Agreement and this Order, this Action will be dismissed with prejudice. However, the Court will retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Order and the Settlement Agreement for one year from the Effective Date of Settlement.

16. Nothing in this Order shall preclude any action to enforce Defendant's obligations under the Settlement Agreement or under this Order, including the requirement that Defendant make payments to the Class Members, Class Counsel and the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

17. After administration of the Settlement has been completed in accordance with the Settlement Agreement and all amounts calculated, and within twenty-one (21) business days of the Settlement Administrator mailing out the settlement checks and after all other payments required by the Settlement Agreement have been made, the Settlement Administrator shall file with this Court and provide to Class Counsel a declaration of payment.

DATED: June 6, 2011

*(signature)* Christina A. Snyder

HON. CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE